# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROMOND HENRY | CIVIL ACTION |
| VERSUS | NO. 12-348 |
| LOUISIANA STATE BAR ASSOCIATION | SECTION "I"(1) |

## REPORT AND RECOMMENDATION

Plaintiff, Romond Henry, a state inmate, filed this civil action against the Louisiana State Bar Association. He brought the lawsuit pursuant to 42 U.S.C. § 1983, which provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

Plaintiff states his claim as follows:

On July 8, 2011, I Romond Henry file a complaint concerning my state attorney Ms. Ariel Test and was told by the Louisiana State Bar Association that she would be replace by a new attorney Kevin Kelly. On my next courte date Mr. Kelly was given 2 months to review my case wich resulted in a set back forceing me to stay in jail longer. On December 1 I went to my next court date and Mr. Kelly file for a motion to supress everdience and I was set back untill Jan 10, 12. On Jan 10 - 12 I to court and was told by Mr. Kelly that he could no longer represent me because the state was no longer paying him and he could no longer be my lawyer. The Judge then agin set me back untill Feb 17 to allow Mr. Kelly to see if he will still be my lawyer. Im fileing because the state bar association could have told me about this matter earlier

to give me a chance to find new repersentation so I don't be stuck sitting in jail until they find out about a money situation I have nothing to do with.[1]

Attached to plaintiff's complaint is a letter from William N. King, Professional Programs Counsel of the Louisiana State Bar Association, dated August 23, 2011. From that letter, it is evident that plaintiff had instigated an Attorney-Client Assistance Program complaint against Ms. Test. Mr. King wrote to plaintiff, stating:

> Since sending you our letter of July 28, 2011, we have not received a response. Your complaint concerned your dissatisfaction with Ms. Test's representation. Generally, if a client is dissatisfied the proper remedy is to obtain new counsel. It appears that you have a new attorney and that generally makes these disputes moot.
> Our file has been closed as resolved.
> Thank you for your attention to this matter.[2]

## I. Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[3] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –

---

[1] Rec. Doc. 2, pp. 3-4.

[2] Rec. Doc. 2-1.

[3] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing plaintiff's complaint,[4] the undersigned recommends that, for the following reasons, the complaint be dismissed as frivolous and for failure to state a claim on which relief may be granted.

## II. Plaintiff's Claim

As a preliminary matter, the Court notes that the sole defendant in this action is the Louisiana State Bar Association. It is unclear whether that entity is a proper defendant in a lawsuit brought pursuant to § 1983. See Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("[W]hether the State Bar Association is [a 'person' for purposes of § 1983] remains an unsettled issue in this Circuit."), aff'd, 537 F.2d 1141 (5th Cir. 1976); but see Estiverne v. Louisiana State Bar Association, 863 F.2d 371, 375 (5th Cir. 1989) ("It is well established that a Bar Association, *acting in its regulatory capacity*, is a state actor." (emphasis added)). However, even if the Court assumes for the purposes of this decision that the Louisiana State Bar Association is a proper defendant,

---

[4] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

4

plaintiff's complaint still must be dismissed because he has failed to state a cognizable, nonfrivolous constitutional claim against that entity.

From the complaint and the attached letter from William N. King, it is clear that plaintiff was dissatisfied with his original attorney, Ariel Test, and filed a complaint against her with the Louisiana State Bar Association's Attorney-Client Assistance Program. For reasons that are not clear, plaintiff was under the impression that the Bar Association would then furnish him with a new attorney to replace Ms. Test. That ultimately did not occur, and plaintiff argues that he is entitled to damages for delays in his criminal proceedings as a result of his need to get a new attorney through other means.

Plaintiff does not identify, and this Court cannot discern, a constitutional provision which was allegedly violated by the Bar Association under these facts. It was the obligation of the state court, not the Bar Association, to ensure that plaintiff was represented by counsel in his criminal proceedings. The Bar Association was under no constitutional obligation whatsoever to provide plaintiff with an attorney, and any misunderstanding on plaintiff's part as to the role of the Bar Association in such matters does not serve a basis for a constitutional claim. Simply put, the Bar Association cannot be held responsible for plaintiff's dissatisfaction with his original counsel or for any delays in his criminal proceedings while new counsel was obtained. As a result, plaintiff has stated no cognizable, nonfrivolous claim against the Bar Association, and his claims against that entity should be dismissed.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[5]

New Orleans, Louisiana, this seventh day of February, 2012.

_____
**SALLY SHUSHAN
UNITED STATES MAGISTRATE JUDGE**

---

[5] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.